ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This proceeding arises from a petition for consent discipline filed by respondent, Jacqueline Phillips, an attorney licensed to practice law in the State of Louisiana, but currently on interim suspension. For her misconduct in various pending disciplinary matters, respondent proposed that she be disbarred. The Office of Disciplinary Counsel (“ODC”) concurred in the petition, and the disciplinary board recommended the proposed discipline be accepted.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In July 1999, the ODC filed seventeen counts of formal charges against respondent arising out of twelve complaints of ethical misconduct. The formal charges *507 generally alleged that respondent neglected legal matters, faded to communicate with her clients, failed to account for and return unearned legal fees, failed to properly safeguard client property, and failed to cooperate with the ODC in its investigation. Following a formal hearing in that proceeding (numbered 99-DB-062), the hearing committee recommended that respondent be suspended from the practice of law for three years.
While the matter was pending in the disciplinary board, respondent and the ODC filed in this court a joint motion for interim suspension stemming from the charges subject of the 99-DB-062 matter, as well as two additional sets of formal | ?charges that had been filed against respondent in August 2000 (00-DB-107) and April 2001 (01-DB-043).[1] We granted the motion on October 24, 2001. In re: Phillips, 01-2678 (La.10/24/01), 799 So.2d 1134.
One week later, on November 2, 2001, the disciplinary board filed its report in 99-DB-062, recommending that respondent be suspended from the practice of law for three years, with all but one year deferred, followed by a two-year period of supervised probation. The ODC filed an objection in this court to the leniency of the sanction recommended by the board, and the matter was set on the court’s April 2002 docket for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b). However, prior to hearing argument, we remanded the matter to the disciplinary board for consolidation with the other pending disciplinary matters involving respondent. The board was instructed to issue “a single recommendation to this Court” encompassing all such matters. In re: Phillips, 01-2948 (La.3/27/02).
DISCIPLINARY PROCEEDINGS

Petition for Consent Discipline

Following remand, respondent filed a petition for consent discipline. The petition addressed all three sets of formal charges filed by the ODC, as well as the allegations of misconduct in four of the ODC’s open investigatory files. For her misconduct, respondent proposed that she be disbarred from the practice of law. The ODC concurred in the petition.
| ^Disciplinary Board Recommendation
The disciplinary board found that respondent’s misconduct was negligent in part, knowing in part, and intentional in part, and that she breached duties owed to her clients, the legal system, the public, and the profession. As a result of respondent’s misconduct, her clients’ legal matters have been delayed and jeopardized. The profession has also been harmed by respondent’s failure to cooperate. An attorney’s failure to cooperate in a disciplinary investigation unjustly delays and imposes an additional burden upon the disciplinary system. Additionally, respondent’s failure to safeguard third-party funds and to return unearned fees to her clients has resulted in the actual loss of money to her clients and to a third-party medical provider.
Based upon its review of the record, the board determined the following aggravating factors are present: pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1986). The board found the following miti *508 gating factors are present: absence of a prior disciplinary record and personal or emotional problems.[2]
After considering the ABA’s Standards for Imposing Lawyer Sanctions and the prior jurisprudence of this court dealing with misconduct similar to respondent’s, the board concluded that disbarment is the appropriate sanction in this case. Accordingly, the board recommended the petition for consent discipline be accepted.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject 14to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent has admitted to numerous instances of serious professional misconduct, including neglect of legal matters, failure to communicate with clients, failure to account for or return unearned legal fees, and failure to cooperate with the ODC in its investigation. This alarming pattern of misconduct — which appears to have occurred over a period of at least six years — clearly caused actual harm to respondent’s clients, the public, the legal sys-tern, and the profession. While some mitigating factors may be present, then-weight is clearly insufficient to warrant the imposition of a sanction less than disbarment.
Accordingly, we will accept the petition for consent discipline and order that respondent be disbarred from the practice of law.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that the name of Jacqueline Phillips, Louisiana Bar Roll number 17347, be stricken from the roll of attorneys and that her license to practice law in the State of Louisiana be revoked. Respondent is ordered to make restitution to her former clients and to third parties. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule[sXIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. All three sets of formal charges involve substantially similar allegations of misconduct. The proceeding numbered 00-DB-107 encompasses five counts of formal charges, and 01-DB-043 encompasses two counts of formal charges. Furthermore, the ODC was still investigating complaints against respondent, and had open investigative files numbered 13129, 13335, 13392, and 14662.

. The board noted the conduct at issue in these matters arose after respondent entered private practice as a solo practitioner. Shortly thereafter, respondent became pregnant and attempted to balance the demands associated with maintaining her private practice and fulfilling her obligations as a single parent.